UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    Plaintiff

- vs -

ONE 1999 CADILLAC ESCALADE
VIN 1GYEK13R5XR416478
REGISTERED AND TITLED TO:
B.S. BISHOP-LASTER,

    Defendant

Civil No. 03-0916A

**VERIFIED CLAIM /
STATEMENT OF INTEREST**

---

    JAMES MAZZARIELLO, for a claim on behalf of Jim Mazz Auto, Inc. "(JMAI)", being duly sworn, deposes and says, upon information and belief, as follows:

    1)    I am the owner of JMAI, and make this claim based upon my information and belief based on facts that I have obtained as a result of discussions with JMAI's employees, my review of JMAI's corporate business records and my recollection of the sale of the subject vehicle.

    2)    JMAI is a New York Corporation with offices for the transaction of business located at 1255 Bailey Avenue, Buffalo, New York 14206.

    3)    Pursuant to a retail installment contract covering the sale and financing of one 1999 Cadillac Escalade, vehicle identification number 1GYEK13R5XR416478, purchased by B.S. Bishop-Laster on December 17, 2002, JMAI holds a security interest in said vehicle and is owed the sum of $2,600.00, under the terms of said contract. A copy of said contract is annexed hereto and made a part hereof as Exhibit "A".

    4)    Upon information and belief, on or about July 8, 2003, the vehicle was seized by officers of the Career Criminal Task Force pursuant to their authority under law and on the basis that the subject vehicle was utilized in violation of Title 21, United States Code, Subchapter I of Chapter 13.

5)      At no time before or after JMAI's agreement to finance the purchase of the subject vehicle by B.S. Bishop-Laster, did JMAI have any knowledge or reason to believe that said vehicle was being or would be used in violation of the Laws of the United States or any state or territory thereof.

6)      JMAI had taken all reasonable steps to prevent the illegal use of the subject vehicle. Under the circumstances of JMAI's financing of the subject vehicle, it would have neither knowledge of nor control over the use of said vehicle, and if said vehicle was used for any purpose in violation of the laws of the United States such use was without the knowledge, approval or consent of JMAI. The fact that the vehicle became involved in activities that made it subject to forfeiture was not the result of any negligence, fraud, connivance or intention on the part of petitioner, but was by reason of the acts and intentions, unknown to JMAI, of B.S. Bishop-Laster.

7)      A breakdown of JMAI'S interest in the subject vehicle is also shown on the financial statement which is attached hereto as part of Exhibit "A".

8)      A Notice of Recorded Lien, reflecting JMAI as a lienholder regarding the subject motor vehicle, is attached hereto as Exhibit "B". The Notice of Recorded Lien, pursuant to our usual procedure, was filed at the time of the sale of the vehicle.

9)      Between December 17, 2002, the date of the sale of the subject motor vehicle and April 29, 2003, the date on the Notice of Recorded lien, attached hereto as Exhibit "B", numerous attempts were made both by myself and by Salvatore Aiello, a manager that is employed by JMAI, to collect on the balance due of the subject motor vehicle.

10)     The attempts to collect were made by phone calls to Mr. Laster, who actually negotiated the purchase of the vehicle. Mr. Laster continued to take our phone calls and repeatedly promised that he would come in to pay the balance, which is the reason that JMAI did not take more forceful action to repossess the vehicle. Our usual procedure to repossess a vehicle is to send a certified letter to the purchaser, wait ten days and then seize the vehicle. In this case, we had not yet reached the point of sending the certified letter, due to Mr. Laster's willingness to accept our phone calls and his repeated promises to pay the balance due.

11)     In the absence of the relief sought herein, JMAI will suffer a loss in the amount of $2,600.00, by being deprived of its property interest in the subject vehicle without its fault or negligence.

**WHEREFORE**, JMAI respectfully requests that either possession of the subject vehicle be given over to JMAI or that JMAI receive payment to the extent of its security interest in the subject vehicle, in the amount of $2,600.00.

Dated: December 30, 2003

Respectfully submitted,

James Mazzariello
Jim Mazz Auto, Inc.
1255 Bailey Avenue
Buffalo, NY 14206

Sworn to before me this
30th day of December, 2003

TIMOTHY J. ANDRUSCHAT
Notary Public, State of New York
Qualified in Erie County
My Commission Expires March 25, 2006